■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BALL, JR., Appellant. [635 NYS2d 90] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered May 28, 1991, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements made by him to the police and physical evidence.

Ordered that the judgment is affirmed.

The 13-year-old defendant was convicted of murder after he confessed to shooting the victim in a dispute concerning the victim's cousin. On appeal, he argues, *inter alia*, that the court improperly admitted his videotaped confession. We disagree.

The defendant was questioned about the shooting at various times over a three-day period. He admitted to bringing a gun owned by his father to the scene, but initially denied firing that gun. The defendant denied involvement in the shooting until the last day of questioning, June 26, 1990, after learning that ballistic tests revealed that his father's gun was in fact

the murder weapon. Before the confession was secured, however, the defendant, in the presence of his parents, was read his *Miranda* rights which he then waived. We find no merit to the defendant's contentions on appeal that, *inter alia*, the confession of June 26, 1990, was in any way "tainted" or rendered involuntary by any prior statement made by the defendant under duress or in violation of his constitutional rights (*see, People v Tanner*, 30 NY2d 102; *People v McIntyre*, 138 AD2d 634), and that his parents, who were present during questioning, were acting as agents for the police in securing the inculpatory admissions (*see, People v Ray*, 65 NY2d 282; *People v Jones*, 47 NY2d 528). Accordingly, suppression of the confession was properly denied (*see, People v Tankleff*, 199 AD2d 550).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Altman, Friedmann and Florio, JJ., concur.